# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE     )
                              )

       v.              )      ID No. 1907004508
                              )

MICHAEL L. SCAGGS     )

Submitted: January 5, 2024
Decided: January 18, 2024

*Upon Defendant Michael L. Scaggs' Motion for Postconviction Relief*
**DENIED.**

## **ORDER**

Cari Chapman, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 900 North King Street, Wilmington, Delaware 19801, Attorney for the State of Delaware.

Michael L. Scaggs, SBI# 00502437, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977, Defendant, *pro se*.

**WHARTON, J.**

This 18th day of January 2024, upon consideration of Defendant Michael L. Scaggs' ("Scaggs) Motion for Post-conviction Relief ("Motion"),[1] and the record in this case, it appears to the Court that:

1.      Scaggs was indicted by the grand jury on three counts of first-degree rape, eight counts of second-degree rape, continuous sexual abuse of a child, sexual solicitation of a child and other charges.[2]  The offenses came to light when the victim, who was about 14 years old at the time of disclosure, reported that she had been sexually abused by Scaggs, who lived with her and her mother, over a period of about eight years.[3]  On October 4, 2021, Scaggs pled guilty to first-degree rape, continuous sexual abuse of a child, and sexual solicitation of a child.[4] In exchange for the guilty pleas, the State entered *nolle prosequis* on the remaining charges, agreed not to seek enhanced sentences under 11 *Del. C.* § 4205A, and agreed to cap its sentencing recommendation at 25 years of imprisonment.[5]  On March 25, 2022, the Court sentenced Scaggs to life in prison on the first-degree rape charge and 25 years imprisonment suspended after 10 years for decreasing levels of supervision on each of the other two charges.[6]

---

[1] D.I. 64.
[2] D.I. 3.
[3] *Scaggs v. State,* 2023 WL 3728201, at *1 (Del. May 30, 2023).
[4] D.I. 26.
[5] *Id.*
[6] D.I. 36.

1

2. Scaggs, through counsel, filed a timely sentence modification motion under Superior Court Criminal Rule 35,[7] but did not file a direct appeal. That motion was denied on April 27th.[8] On September 12, 2022, Scaggs filed a *pro se* Motion for Postconviction Relief.[9] That motion asserted that his attorney "failed to file an appeal" and that he had "waited 4 months for word of an appeal to find out my counsel never filed an appeal on my behalf after the rule 35 was denied as we discussed."[10] The Court determined that Scaggs was seeking to appeal the Court's denial of his Rule 35 motion, so it resolved the postconviction relief motion by vacating and reissuing its denial order, thereby providing Scaggs with the relief he requested.[11] Scaggs did not contest that resolution. He appealed the reissued order, but ultimately was unsuccessful.[12]

3. Scaggs' current Motion was filed on January 5, 2024.[13] In it he alleges he received ineffective assistance of counsel ("IAC") from his trial counsel at both his plea and sentencing hearings.[14] In particular, he alleges that: (1) he was misled by trial counsel into believing he was pleading guilty but mentally ill; (2) he was coerced by his attorney who did not help him understand the difference

---

[7] D.I. 37.
[8] D.I. 38.
[9] D.I. 46.
[10] *Id.*
[11] D.I. 52.
[12] *Scaggs,* 2023 WL 3728201.
[13] D.I. 64
[14] *Id.*

between first and second-degree rape; (3) he did not have a competency hearing; (4) he was advised by counsel that the judge would follow the State's recommendation in the plea agreement; and (5) that his children would be extremely traumatized by a trial.[15] He maintains that he wanted to go to trial.

4. Rule 61 is the exclusive remedy for those "in custody under a sentence of this court seeking to set aside the judgment of conviction…"[16] This Rule balances finality "against … the important role of the courts in preventing injustice."[17] Before addressing the merits of a defendant's motion for postconviction relief, the Court must first apply the procedural bars of Superior Court Criminal Rule 61(i).[18] If a procedural bar exists, then the Court will not consider the merits of the postconviction claim.[19] Under Delaware Superior Court Rules of Criminal Procedure, a motion for postconviction relief can be barred for time limitations, repetitive motions, procedural defaults, and former adjudications. A motion exceeds time limitations if it is filed more than one year after the conviction becomes final or if it asserts a newly recognized, retroactively applied right more than one year after it was first recognized.[20] A second or subsequent

---

[15] *Id.*
[16] Super. Ct. Crim. R. 61(a)(1).
[17] *Zebroski v. State*, 12 A.3d 1115, 1120 (Del. 2010) (citation omitted).
[18] *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).
[19] *Id.*
[20] Super. Ct. Crim. R. 61(i)(1).

motion is repetitive and therefore barred.[21] The Court considers a repetitive motion only if the movant was convicted at trial and the motion pleads with particularity either: (1) actual innocence;[22] or (2) the application of a newly recognized, retroactively applied rule of constitutional law rendering the conviction invalid.[23] Grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred as procedurally defaulted unless the movant can show "cause for relief" and "prejudice from [the] violation."[24] Grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[25] Additionally, "[t]his Court will not address claims for post-conviction relief that are conclusory and unsubstantiated."[26]

5.     To successfully bring an IAC claim, a claimant must demonstrate: (1) that counsel's performance was deficient; and (2) that the deficiencies prejudiced

---

[21] Super. Ct. Crim. R. 61(i)(2).
[22] Super. Ct. Crim. R. 61(d)(2)(i).
[23] Super. Ct. Crim. R. 61(d)(2)(ii).
[24] Super. Ct. Crim. R. 61(i)(3).
[25] Super. Ct. Crim. R. 61(i)(4).
[26] *State v. Guinn,* 2006 WL 2441945, at *4 (Del. Super. Aug 16, 2021). *See also Gattis v. State*, 697 A.2d 1174, 1178-79 (Del. 1997); *Younger,* 580 A.2d at 556; *State v. McNally,* 2011 WL 7144815, at *5 (Del. Super. Nov. 16 2011); *State v. Wright,* 2007 WL 1982834, at *1 n.2 (Del. Super. July 5, 2007).

the claimant by depriving him or her of a fair trial with reliable results.[27] To prove counsel's deficiency, a defendant must show that counsel's representation fell below an objective standard of reasonableness.[28] Moreover, a defendant must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal.[29] "[A] court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."[30] A successful Sixth Amendment claim of IAC requires a showing "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[31] When addressing the prejudice prong of the IAC test in the context of a challenged guilty plea, an inmate must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[32]

---

[27] *Strickland v. Washington*, 466 U.S. 668, 688 (1984).

[28] *Id.* at 667-68.

[29] *Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

[30] *Strickland*, 446 U.S. at 689.

[31] *Id.* at 694.

[32] *Albury v. State,* 551 A.2d 53, 59 (Del. 1988) (citing *Hill v. Lockhart,* 474 U.S. 52, 58 (1985)); *Sartin v. State,* 2014 WL 5392047, at *2 (Del. Oct. 21, 2014); *State v. Hackett,* 2005 WL 30609076, at *3 (Del. Super. Ct. Nov. 15, 2005).

6. An inmate must satisfy the proof requirements of both prongs to succeed on an IAC claim. Failure to do so on either prong will doom the claim and the Court need not address the other.[33]

7. The Court need not address the merits of the Motion, because it first finds that Scaggs has not overcome the procedural bars of Rule 61(i).[34] His conviction became final when he failed to file a direct appeal to the Delaware Supreme Court after his sentencing in 2022. He filed this Motion on January 5, 2024. Therefore, it is untimely since it exceeds the one year time limitation of Rule 61(i)(1). The Motion is his second, and thus it is barred as repetitive by Rule 61(i)(2). Even if the Court were to overlook the fact that this motion is repetitive due to Scaggs' success in obtaining the relief he sought in his first motion, it is procedurally defaulted under Rule 61(i)(3). His first postconviction relief motion implicitly alleged IAC for counsel's failure to appeal the denial of his Rule 35 motion. The IAC claims he raises now could have been raised then and should have been to avoid procedural default. Scaggs has not attempted to establish the necessary "cause for relief" and "prejudice from [the] violation" to overcome the procedural default bar to relief.

---

[33] *Strickland,* 466 U.S. at 697; *Ploof v. State,* 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant.").
[34] Were it to address the merits of the Motion, it is apparent that in order to grant Scaggs relief, he would need to persuade the Court to disregard much of what he said in his plea colloquy.

**THEREFORE**, Defendant Michael L. Scaggs' Motion for Postconviction Relief is **DENIED**.

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.
